# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPEEDSPORTZ, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0276-CVE-FHM |
| | ) |
| GOODING & COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant Gooding, Inc.'s Motion To Dismiss Or In The Alternative, Motion For Summary Judgment Or In The Alternative, Motion For Transfer Of Venue And Brief In Support (Dkt. # 14). Plaintiff has filed a response in opposition (Dkt. # 19) and defendant has filed a reply (Dkt. # 20). Also before the Court is Plaintiff's Motion For Voluntary Dismissal Of Count I Of Plaintiff's Complaint (Dkt. # 21). Defendant has filed a response in opposition (Dkt. # 23) and plaintiff has filed a reply (Dkt. # 25).

## I.

Plaintiff is the current owner of an "exceedingly expensive and highly collectible" 1927 Bentley automobile. Dkt. # 2 at 1, 3. In January 2011, the Bentley was consigned to defendant for sale at auction, pursuant to a written consignment agreement. Id. At the time of the auction, title to the car was in the name of non-party Michael Hammer. Dkt. # 19 at 3. The parties to the consignment agreement were defendant and Hammer. Dkt. # 14 at 3; Dkt. # 19 at 6. Plaintiff was not a party to the consignment agreement. Dkt. # 14 at 3; Dkt. # 19 at 6. On January 20, 2011, defendant's employee and a car auction attendee allegedly took the Bentley for a test-drive. Dkt. # 2 at 3. Plaintiff alleges that, while the car auction attendee was driving the Bentley, he improperly shifted gear causing "catastrophic transmission failure." Id. After the vehicle was allegedly

damaged, the title was transferred to plaintiff. Dkt. # 19 at 2. Plaintiff alleges that "Michael Hammer assigned all rights to recover damages under the contract to Speedsportz." Id. Plaintiff's complaint in this action alleges two claims for relief: (1) breach of the consignment agreement; and (2) negligence and/or negligent injury to property. Dkt. # 2 at 3-4.

## II.

Plaintiff has moved, pursuant to Fed. R. Civ. P. 41(a)(2), for voluntary dismissal of its breach of contract claim. Dkt. # 21. Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper." Unless a defendant can show "legal" prejudice from granting a plaintiff's request for voluntary dismissal, such requests should ordinarily be granted. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). However, Rule 41 "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir.1996). The Tenth Circuit has identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." County of Santa Fe, New Mexico v. Public Service Co. of New Mexico, 311 F.3d 1031, 1048 (10th Cir. 2002). The Court must insure that "substantial justice is accorded to both parties," and this requires the district court to consider the "equities not only facing the defendant, but also those facing the plaintiff." Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).

Defendant opposes plaintiff's motion and states that it "is entitled to a determination by this Court, on the merits." Dkt. # 23 at 2. However, defendant has not made any allegation that it would

be prejudiced if the contract claim were dismissed without prejudice. Defendant states only that a dismissal without prejudice would "leave[] open the potential for the Plaintiff to refile the very same action in this court or in a different jurisdiction." Id. at 23. However, "[p]rejudice does not automatically result from the filing of a second lawsuit and some duplication of efforts in a second lawsuit." Sisney v. Indep. Sch. Dist. No. 3 of Tulsa Cnty., No. 09-CV-0253-CVE-PJC, 2010 WL 476648, at *2 (N.D. Okla. Feb. 3, 2010).

In considering the factors identified by the Tenth Circuit, the Court notes that no scheduling order has been entered in this case. Thus, no trial date has been set and discovery has not commenced. Defendant does not allege that it has engaged in any significant activities to prepare for trial. At the time plaintiff filed its motion to voluntarily dismiss the contract claim, defendant had already filed its motion to dismiss, or in the alternative for summary judgment, or in the alternative to transfer the case. However, defendant does not allege that these motions required a substantial amount of time to prepare. The mere fact that defendant has filed a dispositive motion does not support denial of plaintiff's motion to dismiss. See Brown, 413 F.3d at 1125-26; see also Sisney, 2010 WL 476648, at *2 (granting motion for voluntary dismissal where defendant had filed motion for summary judgment and defendant did not allege motion required substantial time to prepare). The Court finds that defendant did not incur any significant expense in preparing for trial before plaintiff filed his motion to dismiss.

This case was filed on May 5, 2011, and plaintiff's motion to dismiss was filed less than five months later on September 27, 2011. Plaintiff first notified defendant that it would be seeking voluntary dismissal of the contract claim on September 13, 2011 in its response to defendant's motion. Thus, the Court finds that plaintiff did not excessively delay in filing its motion to dismiss.

See Sisney, 2010 WL 476648, at *2 (granting motion for voluntary dismissal which was filed less than six months after commencement of case). Plaintiff's stated reason for requesting dismissal of the contract claim is sufficient. Plaintiff states that while responding to defendant's motion, plaintiff "realized that the breach of contract claim is unnecessary to protect its interests and wants to focus its time and energy on the negligence action only." Dkt. # 21 at 3. While this appears to be a strange tactical decision on the part of plaintiff, considering that it has already opposed defendant's dispositive motions, the Court will not second-guess plaintiff's litigation strategy.

Having considered the circumstances of this case and the current stage of the litigation, the Court finds that defendant has not shown that it will be prejudiced if plaintiff's motion to dismiss the contract claim is granted. As such, the contract claim is dismissed without prejudice.

**III.**

Defendant has moved to dismiss plaintiff's claims, or in the alternative, for summary judgment, or in the alternative, for a transfer of venue. Dkt. # 14. Because only plaintiff's negligence claim remains, defendant's motion is moot as to the contract claim. Having reviewed the parties' submissions, the Court finds that defendant's motion should be treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 56, rather than as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendant's motion put plaintiff on notice that it was seeking summary judgment, and no additional notice to the parties is required for the Court to consider evidence outside of the pleadings when ruling on defendant's motion. See Marquez v. Cable One, Inc., 463 F.3d 1118 (10th Cir. 2006). In addition, plaintiff's response demonstrates that it was aware defendant's motion might be treated as one for summary judgment, because it attached evidentiary materials to its response. Bldg. & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487,

4

1494 (10th Cir. 1993) (notice requirement satisfied when moving party states it is seeking summary judgment and opposing party responds by attaching evidence outside the pleadings to the response).[1]

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Id . at 327 (internal quotation omitted).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

---

[1] In its response, plaintiff argues that it "cannot respond to nor is it believed this Court can rule on many of the issues or arguments raised because they deal with disputed issues of fact for which no discovery has been conducted." Dkt. # 19 at 1. Plaintiff has not submitted an affidavit or declaration specifying the reasons that "it cannot present facts essential to justify its opposition," as required by Rule 56(d). Fed. R. Civ. P. 56(d). Furthermore, as discussed infra, the outcome of this case turns on plaintiff's legal interest in the Bentley and the legal relationship, or lack thereof, between plaintiff and Hammer. Such information should already be in the possession of, or accessible to, plaintiff. There is no indication that defendant is in possession of any information relevant to those issues such that plaintiff requires discovery from defendant in order to oppose the summary judgment motion.

586–87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir.1998).

"The threshold question in any negligence action is whether the defendant owed a duty of care to the plaintiff." Morales v. City of Okla. City ex rel. Okla. City Police Dep't, 230 P.3d 869, 878 (Okla. 2010). If such a duty of care exists, was breached, and that breach resulted in an injury to the plaintiff, the defendant is liable for negligence. Taylor v. Glenn, 231 P.3d 765, 766 (Okla. Civ. App. 2010). "Oklahoma courts have recognized that the existence of a duty depends on the relationship between the parties and the general risks involved in the common undertaking." Wofford v. E. State Hosp., 795 P.2d 516, 519 (Okla. 1990). The question of whether a duty is owed by a defendant is one of law. Iglehart v. Bd. of Cnty. Comm'rs of Rogers Cnty., 60 P.3d 497, 502 (Okla. 2002); Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F. 3d 1224, 1228 (10th Cir. 2007).

Defendant argues that it is entitled to summary judgment on the negligence claim because it is undisputed that plaintiff was not the legal owner of the automobile at the time it was damaged and, thus, defendant owed no legal duty to plaintiff at the time of accident. Dkt. # 14 at 9-10. Defendant has submitted a copy of a State of California Certificate of Title for the Bentley, issued on April 23, 2005, listing the registered owner of the vehicle as Michael Hammer. Dkt. # 14-3. Defendant has also submitted a copy of an Oklahoma Tax Commission Vehicle Title Receipt, issued

on February 7, 2011, showing the vehicle owner, as of that date, to be Speedsportz Auto Sales. Dkt. # 14-4. Defendant has also submitted a copy of the consignment agreement between Hammer and defendant, dated November 10, 2010, which states that Hammer is the "sole, exclusive and lawful owner" of the Bentley and has "good and marketable title to and exclusive right to possession" of the Bentley. Dkt. # 14-2 at 3. Defendant argues that, because plaintiff was not the owner of the vehicle at the time of the accident, defendant did not owe any duty of care to plaintiff such that it can be held liable for negligence. Id. at 10.

Plaintiff does not dispute the validity of either the Oklahoma or California title documents, nor does it dispute the validity of the section of the consignment agreement in which Hammer states that he is the sole owner of the vehicle. Plaintiff admits that it was not the record owner of the Bentley at the time it was allegedly damaged.[2] Dkt. # 29 at 2-3. Plaintiff states that it initially purchased the Bentley in 2003, and that in 2005, title was "temporarily" transferred to Hammer "for insurance purposes." Dkt. # 19 at 2-3. Plaintiff argues that, at the time of the accident, title to the car was in Hammer's name "for insurance purposes only" and the car "was never intended to be permanently owned by nor titled in Mr. Hammer's name." Id. at 3.

---

[2] Defendant's statement of undisputed facts states in paragraphs 8 and 9 that Hammer was the "true and rightful owner" of the Bentley at the time of the alleged damage. Dkt. # 14 at 4. In its response, plaintiff states that it "admits in part and denies in part" the allegations set forth in defendant's paragraphs 8 and 9. Dkt. # 19 at 6-7. Plaintiff does not identify which of defendant's statements are denied and which are admitted. Furthermore, in violation of this Court's local civil rules, plaintiff does not "refer with particularity to those portions of the record upon which the opposing party relies." LCvR 56.1(c). Because the defendant's statements are not "specifically controverted" by plaintiff, the Court is entitled to deem these facts admitted. Id. Even if the Court were not to deem these facts admitted, plaintiff has failed to present any evidence that it was the true and rightful owner of the vehicle at the time of the alleged damage, as discussed infra.

In a suit for property damage, Oklahoma law recognizes that the proper plaintiff is the record owner of the property at the time the damage occurred. See Schoenfeld v. Blair, 366 P.2d 414, 415 (Okla. 1961) (holding that title-holder was proper plaintiff in action for damage to property even though title was transferred to third party after damage occurred); McCoy v. Moore, 91 P.2d 87, 88 (Okla. 1939) ("We think it cannot be questioned that from and immediately after the collision the owner of the automobile acquired a right of action in tort against the defendant"). Plaintiff does not dispute that it was not the record owner of the car at the time of the alleged damage. As such, plaintiff is not the proper party to bring suit against defendant for alleged damage to the car, regardless of the fact that title to the car was transferred to plaintiff after the alleged damage. See Schoenfeld, 366 P.2d at 415. Plaintiff has not provided any legal authority for the proposition that defendant can be held liable to plaintiff when plaintiff did not legally own the vehicle at the time it was damaged. Nor is the Court aware of any legal theory applicable to these facts under which defendant could be liable to plaintiff as the prior and subsequent owner of the Bentley.

In arguing that the vehicle was transferred to Hammer "temporarily" and "for insurance purposes only," plaintiff appears to be attempting to assert that it had some kind of equitable or legal interest in the vehicle at the time of the accident such that defendant owed plaintiff a legal duty. However, other than vague generalized statements, plaintiff has not provided any evidence of an equitable or legal arrangement between plaintiff and Hammer showing that plaintiff maintained an ownership interest in the car. Furthermore, the consignment agreement, the validity of which plaintiff does not dispute, clearly and unambiguously states that Hammer is the exclusive owner of the Bentley.

Plaintiff also attempts to assert that it is the proper plaintiff by stating that Hammer assigned his rights to plaintiff. In support of this contention, plaintiff submits an affidavit of plaintiff's president and sole owner stating that when Hammer transferred title back to plaintiff, Hammer "assigned his right to payment for damages to the Bentley to Speedsportz." Dkt. # 19-1 at 3. Plaintiff's argument that it can maintain a negligence claim based on a purported assignment of rights by Hammer must fail because Oklahoma law prohibits the assignment of a tort claim. OKLA. STAT. tit. 12, § 2017(D) ("The assignment of claims not arising out of contract is prohibited."); see also Murphy Oil USA, Inc. v. Wood, 438 F.3d 1008, 1017, n.6 (holding that purported assignment of tort claim "is presumed invalid, as the common-law prohibition against the assignment of a tort action . . . obtains unless otherwise provided by statute); Trinity Mortg. Cos., Inc. v. Dreyer, No. 09-CV-551-TCK-FHM, 2011 WL 61680, at *3-4 (N.D. Okla. Jan. 7, 2011) (granting summary judgment on tort claims because assignment was prohibited); McCoy, 91 P.2d at 88 (holding that owner of car at time of accident could not assign right to bring action even though the owner did not pay for the repairs). Plaintiff has not provided any evidence or legal authority suggesting that this prohibition should not apply.

Plaintiff has failed to raise a genuine issue of material fact. Plaintiff does not dispute that Hammer held title to the car at the time of the accident. Nor does plaintiff dispute that Hammer signed the consignment agreement stating that he was the sole owner of the vehicle. Plaintiff has not provided any evidence that would support a finding that plaintiff had a legal interest in the vehicle at the time of the alleged damage, or that defendant had a legal duty to plaintiff at the time of the alleged damage. As such, summary judgment on plaintiff's negligence claim is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Voluntary Dismissal Of Count I of Plaintiff's Complaint (Dkt. # 21) is **granted**, and plaintiff's contract claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Gooding, Inc.'s Motion For Summary Judgment (Dkt. # 14) is **granted** as to plaintiff's negligence claim. Defendant's alternative motion to dismiss and motion to transfer venue are deemed moot. A separate judgment is entered herewith.

**DATED** this 20th day of October, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT